## IN THE DISTRICT COURT OF THE UNITED STATES

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Talmadge E. Evans, Jr., #271480, | ) | C/A No. 2:09-1175-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Nurse Gilliam, RN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, a state inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. He appears to contend that the defendant violated his Eighth Amendment rights because she did not provide him with medical care on two occasions.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he recommends that the complaint be dismissed without prejudice for failure to state a claim. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation and he has done so in a one-page response. In his objections, plaintiff merely makes a general objection to the Report and asserts he filed the lawsuit on "discrimination." He contends that whether or not he filed a grievance, he still made a complaint to the defendant's supervisor. His objection is without merit.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge correctly notes that with respect to medical care, a prisoner in a Section 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). Here, the plaintiff alleges no medical problem or how it was affected by the defendant's failure to provide care. Additionally, a medical need must be serious. The plaintiff's complaint that the defendant allegedly failed to check him for high cholesterol does not rise to the constitutional magnitude of "serious." *See Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). The plaintiff has failed to allege facts which state a cognizable Eighth Amendment claim.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objection thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson Jr.

June 10, 2009                              Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge